Elizabeth M. Weldon (Cal. Bar No. 223452)
eweldon@swlaw.com
Marjorie A. Witter (Cal. Bar No. 250061)
mwitter@swlaw.com
SNELL & WILMER L.L.P.
350 South Grand Avenue
Suite 2600
Two California Plaza
Los Angeles, California 90071
Tel.: 213.929.2500
Fax: 213.929.2525

Attorneys for Plaintiff,
RA SUSHI HOLDING CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RA SUSHI HOLDING CORPORATION, a Delaware corporation, | Civil Action No. |
| | **COMPLAINT** |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| SUSTAINABLE KARMA LLC, a California limited liability company, and WUTTHIKORN SANSANGASAKUN, an individual, | |
| *Defendants*. | |

19697328.2

Plaintiff, RA SUSHI HOLDING CORPORATION, a Delaware corporation, by and through its undersigned counsel, files this complaint against Defendant SUSTAINABLE KARMA LLC, a California limited liability company, and Defendant WUTTHIKORN SANSANGASAKUN, an individual, both d/b/a RAW, RAW BEVERLY HILLS, RAW FISH & RICE BEVERLY HILLS and/or RAWBH.COM, and in support of its claims alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (d), and California common laws.  This Court has jurisdiction over Plaintiff's claims against Defendants because this Court has original federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121.  This Court has supplemental subject matter jurisdiction over Plaintiff's remaining state law and common law claims under 28 U.S.C. § 1367(a).

2.     This Court has personal jurisdiction over Defendants because Defendants do business in the State of California and this district, because the Defendants reside in the State of California and this district, and because the willful actions herein took place in the State of California and this District.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because the facts giving rise to the claims alleged herein occurred in this judicial district.

4.     Plaintiff has engaged undersigned counsel and has agreed to pay undersigned counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing Plaintiff's intellectual property rights.

## THE PARTIES

5.     Plaintiff Ra Sushi Holding Corporation ("Plaintiff" or "RSH") is a Delaware corporation with a principal place of business of 3815 North Scottsdale Road, Scottsdale, Arizona 85251 and a business address of 8750 N.W. 36 Street,

COMPLAINT

19697328.2

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Suite 300, Miami, Florida 33178.

6.     Upon information and belief, Defendant SUSTAINABLE KARMA LLC is a California limited liability company with a principal business address of 731 N. Maple Street, Burbank, CA 91505 ("SUSTAINABLE KARMA").

7.     Upon information and belief, Defendant WUTTHIKORN SANSANGASAKUN is an individual, with a business address of 201 S. Robertson Blvd., Beverly Hills, CA 90211 ("SANSANGASAKUN").  Upon information and belief, SANSANGASAKUN is an officer and director of SUSTAINABLE KARMA and directs the conduct and activity of SUSTAINABLE KARMA.

8.     Upon information and belief, SUSTAINABLE KARMA and SANSANGASAKUN (hereinafter individually or collectively referred to as "Defendants") own and operate a restaurant located at 201 S. Robertson Blvd., Beverly Hills, CA 90211, and use the trademarks, trade names, and domain names RAW, RAW BEVERLY HILLS, RAW FISH & RICE BEVERLY HILLS, and/or RAWBH.com (individually and/or collectively the "Infringing Marks") in connection with that restaurant.

## STATEMENT OF CASE

9.     This is a civil action by Plaintiff against Defendants seeking injunctive relief, Defendants' profits, compensatory damages sustained, costs and attorneys' fees of this action, treble damages, and statutory damages, among other relief for trademark infringement,   false designation of origin, cybersquatting, and unfair competition --- all of which are violations of federal, California and common laws.

10.     Plaintiff brings this action due to Defendants' continued and willful infringement and disregard of Plaintiff's federally-registered **RA®** Trademarks (as later defined), and Defendants' use, registration, and/or attempt to register trademarks, trade names, and domain names, consisting of the word RA, the **RA®** Trademarks and/or marks confusingly similar to the **RA®** Trademarks, and/or Defendants' use, directly and/or indirectly in concert with others, of the **RA®**

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

19697328.2

Trademarks and trademarks, trade names, and domain names including the word "RA," in connection with the advertising and promotion of competing restaurant services. Defendants' use and registration of the identical and confusingly similar Infringing Marks are likely to bring to mind Plaintiff's distinctive **RA®** Trademarks, create consumer confusion, and create a false association between Plaintiff and Defendants.

11.   As set forth below, Defendants' acts constitute federal and state trademark infringement, use of a false designation of origin, false description, unfair competition, cybersquatting, and injury to business reputation, all in violation of 15 U.S.C. §§ 1114 and 1125(a) and (d); and California common laws.

## FACTS COMMON TO ALL COUNTS

### *THE INCONTESTABLE RA® TRADEMARKS*

12.   Plaintiff operates twenty-five (25) high profile restaurants located throughout the United States, all of which prominently use and display one or more of the federally-registered **RA®** trademarks and other related common law trademarks, domain names and corporate names consisting of the word "RA" (individually and/or collectively, the "**RA®** Trademarks").

13.   Plaintiff's **RA®** restaurants provide a unique, trendy, and upscale dining experience combining lively music, a vibrant staff, inventive cocktails and Japanese-fusion cuisine. Plaintiff also provides delivery and catering services, private rooms and lounges, outdoor dining spaces and a vibrant bar scene.

14.   Plaintiff has continuously, exclusively, and extensively used the **RA®** Trademarks in interstate commerce since as early as 1997 in connection with its restaurant, catering, and related services.

15.   Plaintiff's goods/services have been highly publicized in connection with the **RA®** Trademarks and, by virtue of its promotion, advertising, and continuous use, Plaintiff has acquired notoriety and a valuable reputation connected with the **RA®** brand.

- 3 -

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

19697328.2

16.    Plaintiff is the owner of the following federal trademark registrations for its **RA®** Trademarks (individually and/or collectively referred to as the "**RA®** Registrations"):

| **Trademark** | **Registration No.** | **Goods/Services** | **Incontestable** |
|---|---|---|---|
| **RA** | US 3,087,775 | Sushi bar services and Asian food restaurant services. | **yes** |
| | US 2,209,246 | Sushi bar services and Asian food restaurant services. | **yes** |
| | US 3,408,349 | Asian food restaurant services. | **yes** |
| **IT'S MORE FUN IN THE RA** | US 3,087,776 | Sushi bar services and Asian food restaurant services. | **yes** |
| | US 3,531,838 | Asian food restaurant services. | |
| | US 4,063,423 | Wines namely plum wines; spirits, namely sake Bar, restaurant, catering, and restaurant carry-out services. | |

Snell & Wilmer
L.L.P.
350 South Grand Avenue
Suite 2600
Two California Plaza
Los Angeles, California 90071

- 4 -

COMPLAINT

19697328.2

| | | | |
|---|---|---|---|
| | | | |
| **RA** | US 4,199,774 | Alcoholic mixed beverages except beers. | |
| **RA** | US 4,307,449 | Restaurant, bar, catering and carry-out services. | |

True and accurate copies of the **RA®** Registrations are attached hereto as **Exhibit 1**. Each of the **RA®** Registrations is valid, subsisting, and in full force and effect and therefore, confers a nationwide right of exclusive use of the trademark in connection with the goods/services applied for in the registrations pursuant to 15 U.S.C. § 1057(c).

17.    Four (4) of the **RA®** Registrations are incontestable, including the **RA®** word mark, and thereby constitute conclusive evidence of Plaintiff's ownership and its exclusive right to use the marks for the goods/services recited in the registrations, in accordance with 15 U.S.C. § 1065.   In addition, the registrations are proof of the inherent distinctiveness of the **RA®** Trademarks.

### THE GOODWILL IN THE RA® TRADEMARKS
### AND THE FINE REPUTATION OF PLAINTIFF

18.    The **RA®** restaurants are popular among Japanese fusion cuisine and sushi enthusiasts alike and have received a great number of positive reviews on various online websites like Yelp.com, Zagat.com, and Tripadvisor.com.   Since opening its doors, Plaintiff has continuously expended substantial resources to market, advertise, and promote its **RA®** Trademarks in a variety of national media including without limitation, through print and electronic media (e.g. RAsushi.com, Facebook, and YouTube), television, and radio.

19.    As a result of extensive advertising and promotion, the **RA®**

COMPLAINT

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Trademarks have acquired enormous value and have become distinctive and well-known to the consuming public and the trade as identifying and distinguishing Plaintiff's goods/services.

20.    Due to the substantial success of Plaintiff's restaurants, the **RA®** Trademarks have received extensive unsolicited publicity and media coverage.  For nearly two decades, **RA®** restaurants have grown and become known as premier dining establishments.

21.    On information and belief, Plaintiff's common law and registered rights in its **RA®** Trademarks were established long before any date of first use on which Defendants may rely.

### *HISTORY OF THE PARTIES*

22.    Defendants operate a restaurant and bar named RAW Fish & Rice Sushi in Beverly Hills, California.  That restaurant also provides restaurant take-out, and other related services.  In connection with the restaurant, bar, and related services, Defendants use the marks RAW, RAW BEVERLY HILLS, RAW FISH & RICE BEVERLY HILLS, and/or RAWBH.com.

23.    On or about April 9, 2013, Plaintiff, by and through its counsel, sent correspondence to Defendant SANSANGASAKUN advising him of Plaintiff's objection to Defendant's use of the **RA®** Trademarks in connection with the restaurant located at 201 S. Robertson Blvd., Beverly Hills, CA 90211.

24.    On or about May 13, 2013, Defendant SANSANGASAKUN, by and through his counsel, responded and denied any likelihood of confusion.

25.    Between that time and February 5, 2014, the parties exchanged correspondence in an attempt to resolve the dispute between them but were unable to reach a resolution with regard to Plaintiff's objection.

26.    As of the date of filing this action, Defendants continue to use the Infringing Marks.

COMPLAINT

19697328.2

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

### THE LIKELIHOOD OF CONFUSION BETWEEN THE RA® TRADEMARKS AND DEFENDANTS' INFRINGING USES

27. Defendants had knowledge of Plaintiff's superior rights to and interest in the **RA®** Trademarks prior to purchasing and/or commencing use and registration of the Infringing Marks. As a matter of law, Defendants were at least on constructive notice of Plaintiff's **RA®** Trademarks due to the issuance by the United States Patent and Trademark Office of the **RA®** Registrations prior to purchasing, and/or commencing use and/or registration of the Infringing Marks.

28. Defendants also had actual notice of Plaintiff's rights to the **RA®** Trademarks through Plaintiff's correspondence with Defendant SANSANGASAKUN, but nonetheless Defendants continue to use the Infringing Marks or marks confusingly similar to Plaintiff's registered marks.

29. Defendants' use, advertising, and registration of the confusingly similar Infringing Marks as part of their trade names, trademarks, and domain name to identify competing restaurant, bar, restaurant take-out, and related services creates confusion and deception as to the source or origin of Defendants' (and/or its affiliates' or business partners') goods/services and through this use, Defendants are unfairly trading on the valuable reputation and goodwill embodied in the **RA®** Trademarks.

30. The sight, sound, and overall commercial impression conveyed by Defendants' Infringing Marks are confusingly similar to the **RA®** Trademarks.

31. The goods/services being offered by Defendants in connection with the Infringing Marks are identical to the goods/services being offered in connection with the **RA®** Trademarks.

32. Defendants' use of, advertising, and/or registration of the Infringing Marks are likely to cause consumers to mistakenly believe that Defendants' (and/or their affiliates' or business partners') goods/services are approved, endorsed, sponsored by, or affiliated with Plaintiff, or that Plaintiff is a source of Defendants'

COMPLAINT

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

19697328.2

(and/or their affiliates' or business partners') goods/services, or that those goods/services are in some other way associated with Plaintiff, all to Plaintiff's injury and harm.

33.    Plaintiff has not granted any right, assignment or license to use its **RA®** Trademarks to Defendants (and/or their affiliates or business partners) for any purpose whatsoever.

34.    Defendants' conduct not only infringes the **RA®** Trademarks; it trades upon Plaintiff's goodwill and reputation; dilutes the distinctiveness of the **RA®** Trademarks; causes a likelihood of confusion; and unfairly competes with Plaintiff.

35.    Defendants' conduct has damaged, and continues to damage, Plaintiff. To the extent that Defendants' (and/or their affiliates' or business partners') goods/services are offered improperly in connection with the **RA®** Trademarks, and do not conform to Plaintiff's quality standards, such non-conformity has injured or is likely to injure Plaintiff's reputation and goodwill.

## COUNT 1: INFRINGEMENT OF A REGISTERED TRADEMARK
### (15 U.S.C. § 1114)

36.    Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.    This claim is brought under 15 U.S.C. § 1114.

38.    Plaintiff has continuously and extensively used the **RA®** Trademarks since as early as 1997 and has not abandoned the marks.

39.    The **RA®** Registrations are valid and enforceable, and four (4) of the registrations, including the word mark, are incontestable.

40.    On information and belief, Defendants did not begin use of the Infringing Marks prior to 2013.   Plaintiff's use and registration of the **RA®** Trademarks in the United States for restaurant services predates the use of the Infringing Marks by Defendants.

41.    Defendants' control, use, registration, and/or renewal of the Infringing

COMPLAINT

19697328.2

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Marks in commerce, in connection with the sale, offering for sale, distribution, or advertising of competing goods or services are likely to cause confusion, mistake, or deception with regard to the origin of Defendants' goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendants (and/or their affiliates or business partners) to provide competing goods/services, or in some way Defendants (and/or their affiliates or business partners) are connected to or affiliated with Plaintiff, when Defendants are not.

42.     This confusion has resulted in injury and has had a direct impact on Plaintiff's reputation and its ability to market its own goods/services under the **RA®** Trademarks.   Furthermore, any defect, objection, or fault found with Defendants' (and/or their affiliates' or business partners') goods/services will negatively impact and seriously injure the reputation Plaintiff has established for the goods/services it sells under the **RA®** trademarks.

43.     Upon information and belief, Defendants aforementioned infringing acts and conduct were carried out willfully and with the intent and purpose of appropriating and trading upon the goodwill and reputation of Plaintiff and the **RA®** Trademarks and to pass off Defendants' goods/services as Plaintiff's goods/services, or as having been sponsored or approved by Plaintiff.

44.     Defendants' control, use, registration, and/or renewal of the Infringing Marks is without Plaintiff's permission, license, or consent.   Defendants are not connected with Plaintiff or the **RA®** trademarks.

45.     Plaintiff has objected to Defendants' use, registration, attempt to register, and/or renewal of the Infringing Marks and Defendants have intentionally ignored such demands and continue the infringing conduct, intending to trade on the goodwill associated with the **RA®** trademarks.

46.     Defendants' acts constitute willful and deliberate infringement of the federally-registered **RA®** Trademarks in violation of 15 U.S.C. § 1114.

COMPLAINT

19697328.2

47.     Defendants' willful and callous misconduct makes this an exceptional case, entitling Plaintiff to have any monetary remedies increased, up to three times such amount, and to recover its attorneys' fees under 15 U.S.C. § 1117.

48.     Plaintiff has been and will continue to be irreparably injured by Defendants' conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused, or any profits of Defendants that have been earned unjustly, by reason of Defendants' acts of infringement.

## COUNT 2: FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

49.     Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     This claim is brought under 15 U.S.C. § 1125(a).

51.     Defendants' unauthorized use of the **RA®** Trademarks in their trade names, trademarks, corporate names, and domain name in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods or services, unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods/services advertised, sold, or offered for sale by Defendants (and/or their affiliates or business partners) emanate from the same source or origin  as Plaintiff's goods/services, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods/services, when Plaintiff does not.

52.     Defendants' activity has resulted in injury and has had a direct impact on Plaintiff's reputation and its ability to market its own goods/services under the **RA®** Trademarks.   Furthermore, any defect, objection, or fault found with

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

19697328.2

Defendants' (and/or their affiliates' or business partners') goods/services will negatively impact and seriously injure the reputation Plaintiff has established for the goods/services it sells under the **RA®** trademarks.

53.    Defendants, with knowledge of such falsity, directly and/or indirectly, offered or caused to be offered, advertised, and sold goods/services in connection with trademarks, trade names, and a domain name that are confusingly similar to the **RA®** Trademarks.

54.    Defendants' use, ownership and registration of the Infringing Marks are all without Plaintiff's permission, license, or consent.   Defendants are not connected with Plaintiff or the **RA®** Trademarks.   Plaintiff has objected to Defendants' use, ownership, and/or registration of the Infringing Marks and Defendants have intentionally ignored such demands and continue to use the Infringing Marks, intending to trade on the goodwill associated with the **RA®** Trademarks.

55.    Defendants' acts constitute false designation of origin, false suggestion and false connection with the **RA®** Trademarks and unfair competition in violation of 15 U.S.C. § 1125(a).

56.    Defendants' willful and callous misconduct make this an exceptional case, entitling Plaintiff to have any monetary remedies increased up to treble damages, and to recover its attorneys' fees under 15 U.S.C. § 1117.

57.    Plaintiff has been and will continue to be irreparably injured by Defendants' conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused, or any profits of Defendants that have been earned unjustly, by reason of Defendants' acts of infringement and unfair competition.

19697328.2

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
LOS ANGELES, CALIFORNIA 90071

## COUNT 3: VIOLATION OF THE ANTI-CYBERSQUATTING
## CONSUMER PROTECTION ACT
## (15 U.S.C. § 1125(d))

58.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 57 as if fully set forth herein.

59.     This claim is brought under 15 U.S.C. § 1125(d).

60.     Defendants use the domain name RAWBH.com in connection with the restaurant located at 201 S. Robertson Blvd., Beverly Hills, CA 90211.

61.     On information and belief, Defendants control, own, and/or maintain the RAWBH.com domain name, which is confusingly similar to Plaintiff's distinctive **RA®** Trademarks, and is using the said domain name with bad faith intent to profit from Plaintiff's distinctive the **RA®** Trademarks.

62.     Defendants' unauthorized use, ownership, attempt to register, registration, and renewal of the **RA®** Trademarks in their Infringing Marks, including, without limitation, in the use of the RAWBH.com domain name is likely to cause confusion, mistake, or deception with regard to the origin of Defendants' goods/services and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendants to provide the same goods/services, or in some way Defendants are connected to or affiliated with Plaintiff, when they are not.

63.     This is particularly true since the RAWBH.com domain name consists of and/or incorporates the **RA®** Trademarks and is nearly identical and confusingly similar to Plaintiff's **RA®** Trademarks.

64.     Defendants used and continue to use the RAWBH.com domain name in bad faith, long after Defendants had constructive and actual notice of Plaintiff's federally registered **RA®** Trademarks. Defendants lack any rights and do not have any legitimate interest in and to the Infringing Marks.

65.     Defendants' acts constitute cybersquatting in violation of 15 U.S.C.

§ 1125(d).

66.     Plaintiff has been and will continue to be irreparably injured by Defendants' conduct.  Plaintiff cannot be adequately compensated for these injuries by monetary remedies alone, and Plaintiff has no adequate remedy at law for Defendants' infringement of its rights.  Plaintiff is therefore entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused, or any profits of Defendants that have been earned unjustly, by reason of Defendants' acts of infringement and cybersquatting.

67.     By reason of the foregoing, Plaintiff is entitled to the transfer of the RAWBH.com domain name and to an award of statutory damages of $100,000.  Defendants' willful misconduct makes this an exceptional case, entitling Plaintiff to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT 4:  CALIFORNIA UNFAIR COMPETITION
## (Cal. Bus. & Prof. Code §§ 17200, et. seq.)

68.     Plaintiff hereby incorporates the allegations contained in Paragraphs 1 thought 67 as if fully set forth herein.

69.     Defendants' conduct in using the Infringing Marks in connection with restaurants, bars, restaurant take-out and other services, as alleged herein, constitutes unfair, unlawful and fraudulent business practices prohibited by §§ 17200, et seq. of California Business & Professions Code.

70.     As a direct and proximate result of these wrongful acts, Plaintiff has suffered and continues to suffer irreparable damage to its business and reputation.  Plaintiff has no adequate remedy at law to rectify the injuries and harm to it proximately caused by these unlawful acts.  Plaintiff has sustained and will continue to sustain irreparable injury unless Defendants are enjoined from committing the wrongful acts set forth above.  Plaintiff, therefore, seeks injunctive relief, enjoining Defendants, their officers, agents and employees and all persons acting in concert with them, from further engaging in acts of unfair competition

COMPLAINT

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

19697328.2

against Plaintiff.

71.    As a direct and proximate result of Defendants' wrongful conduct as described herein, Plaintiff alleges that Defendants have gained revenues and other amounts properly belonging to Plaintiff and Plaintiff seeks restitution of those amounts.

## COUNT 5:  COMMON LAW UNFAIR COMPETITION

72.    Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73.    Plaintiff owns and has superior rights in and to the **RA®** Trademarks.

74.    Plaintiff has continuously and extensively used the **RA®** Trademarks since as early as 1997 and has not abandoned the marks.

75.    On information and belief, Defendants did not begin use of any of the Infringing Marks prior to 2013.

76.    By virtue of their willful disregard for Plaintiff's trademark rights, and their knowing and intentional misrepresentations, Defendants' conduct as described above misleads the public as to the nature, source and/or origin of their goods/services so as to create a likelihood of confusion as to the nature, source, or sponsorship of Defendants' goods/services.

77.    Defendants' conduct wrongfully tarnishes the goodwill symbolized by the **RA®** Trademarks.

78.    Defendants' conduct constitutes unfair competition in violation of Plaintiff's rights under the common law of the State of California.

79.    By reason of Defendant's acts alleged herein, Plaintiff has suffered and, unless Defendant's conduct is restrained, will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RA Sushi Holding Corporation respectfully prays for judgment for the following relief against Defendants:

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

19697328.2

1
2
3

(a) An order declaring that Defendants' unauthorized conduct violates the Lanham Act, 15 U.S.C. §§1114, 1125(a), and 1125(d) and Cal. & Bus. Prof. Code § 17200;

4
5
6

(b) An order requiring Defendants to provide an inventory list of all domain names in Defendants' possession, custody, or control, consisting of any of the **RA®** Trademarks;

7
8

(c) An order permanently enjoining and restraining Defendants and those in active concert and participation with Defendants from:

9
10
11
12
13

1. Further infringing and/or making any use of any of the **RA®** Trademarks, the word "RA", and using, registering, and renewing the Infringing Marks, any corresponding trademarks, and/or any domain name or trademark confusingly similar thereto to advertise, promote, display or sell any good/service;

14
15
16
17
18

2. Making any use of the Infringing Marks or any domain name, trademarks, corporate names, trade names, or designations consisting of, in whole or in part, any of the **RA®** Trademarks, the term "RA", and/or any domain name, trademark, corporate name, trade name, or designation confusingly similar to the **RA®** Trademarks;

19
20
21
22
23

3. Registering, renewing, purchasing, and/or acquiring any trademarks, domain names, trade names, corporate names, and/or designations, consisting of, in whole or in part, any of the **RA®** Trademarks, the term "RA", or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

24
25
26

4. Representing or suggesting to any third party that Defendants are affiliated with, sponsored by, licensed by, or otherwise connected with Plaintiff and/or the **RA®** Trademarks; and

27

5. Otherwise unfairly competing with Plaintiff;

28

(d) An order compelling Defendants to transfer registration of the

- 15 -                                         COMPLAINT

19697328.2

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

Infringing Marks and/or any other trademarks, corporate names, trade names, and/or designations consisting of, in whole or in part, any of the **RA®** Trademarks the term "RA," and/or any domain name, trademark, corporate name, trade name, or designation confusingly similar thereto;

(e)     An order compelling Defendants to remove all signs, and to recall all copies of print media, press releases, promotions, advertisements or other documents in Defendants' control bearing the **RA®** Trademarks, the Infringing Marks, and all related goods/services and/or materials, pursuant to 15 U.S.C. § 1118;

(f)     An order directing any other relief that the Court may deem appropriate to prevent the public from deriving any erroneous impression that any goods/services offered by Defendants are authorized by Plaintiff or are in any way related to Plaintiff or Plaintiff's goods/services;

(g)     An order directing an accounting;

(h)     That judgment be rendered against Defendants for:

1.     An award of profits received by Defendants from his misuse of the **RA®** Trademarks as provided for in 15 U.S.C. § 1117;

2.     All profits received by Defendants and all damages sustained by Plaintiff on account of Defendants' false suggestion or connection with Plaintiff through the use of the **RA®** Trademarks and/or Defendants' Infringing Marks;

3.     An award of damages to Plaintiff for Defendants' wrongful conduct, including, without limitation, treble damages for Defendants' intentional and willful conduct pursuant to 15 U.S.C. § 1117;

4.     An award of restitution to Plaintiff for Defendants' wrongful conduct pursuant to Cal. Bus. & Prof. Code §17203;

5.     An award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and

COMPLAINT

19697328.2

SNELL & WILMER
L.L.P.
350 SOUTH GRAND AVENUE
SUITE 2600
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

1117, or as otherwise allowed by law or statute; and

    6.    Any other relief that the Court finds warranted and just.

Dated:    July 18, 2014           SNELL & WILMER L.L.P.


By: */s/ Marjorie A. Witter*
    Elizabeth M. Weldon
    Marjorie A. Witter

*Attorneys for Plaintiff*
RA SUSHI HOLDING
CORPORATION

COMPLAINT

19697328.2

1

### DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action of all issues so triable.

Dated:        July 18, 2014                    SNELL & WILMER L.L.P.


By: */s/ Marjorie A. Witter*
Elizabeth M. Weldon
Marjorie A. Witter

*Attorneys for Plaintiff*
RA SUSHI HOLDING
CORPORATION

COMPLAINT

19697328.2